MICHELLE R. BURROWS OSB 86160
618 NW Glisan, Ste. 203
Portland OR 97209
503/241-1955
503/241-3127(facsimile)
e-mail: mrburrows@qwestoffice.net
      Attorney for Claimants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
|       Plaintiff | ) Case No. CV11-164MA |
| | ) ANSWER |
| v. | ) |
| 14119 SE Bella Vista Cir. And 2915 NE Butte Rd. | ) |
|       Defendants | ) |
| AND | ) |
| MINTHY NGUYEN, HUY NGUYEN, KIET NGUYEN, | ) |
|       Claimant | ) |

Comes now Claimants and files the following Answer to the government's Complaint herein. The complaint is not properly formatted, each item of res is subsumed within allegations of the others and the Claims for Relief are difficult to ascertain. This Complaint is subject to motions to clarify exactly what the government is attempting to plead.

1

Claimant denies the allegations in Count 1. There is nothing in the record to indicate whether the United States of America has supremacy over the res which is located in the District of Eastern

Washington. That property, commonly known as the Bella Vista property, has been seized by the Washington authorities in a state action, which is still pending and which pre-dates the United States District Court proceeding herein. Since the Bella Vista property is not separately alleged, Claimants will deny this court has jurisdiction over the named res.

2.

Claimant denies the allegations contained in Count II. The jurisdictional problem noted in paragraph 1 above creates a jurisdictional issue which is not waived by Claimants herein.

3.

Claimant denies the allegations contained in Count III. The paragraph subsumes multiple legal theories of forfeiture for two real property res. This conflicts with allegations made in Count II. The government has a duty to allege which theory of forfeiture and the facts upon which the forfeiture is based as to each separate piece of res. The government must connect that nexus or show probable cause that the property is subject to forfeiture. It is unclear exactly from the complaint, which is not clearly plead, and the affidavit what theory the government is basing its forfeiture on.   Claimant lacks sufficient information to admit or deny the allegations contained in the attached Affidavit of Special Agent Frank Heckendorn and therefore denies the same.

4.

Claimant moves to strike Count 2 in its entirety as it is not properly plead, is inadequate as a matter of law and fails to set forth a sufficient claim for relief. It is unclear exactly what is being plead in this particular Count since it contains vague and elusive reference to a generalized Probable Cause Affidavit and no clear reference to the proper statutory authority; how do the facts asserted in the affidavit support claims the real property constitutes proceeds. Fed. R. Civ. P. 12(b)(6).

5.

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSE, the claims as alleged do

not support a conclusion there is sufficient probable cause to believe the seized res constitutes proceeds of either narcotic trafficking or money laundering. It appears the entire basis of the forfeiture is the presence of growing marijuana.

6.

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSE, the claimants allege the seized real property res was legitimately purchased and maintained and that the claimants had no knowledge or information about any illegal activity connected to, or derived from, the seized res.

WHEREFORE Claimants pray for relief as follows:

1. A finding there is insufficient probable cause to justify the seizure and forfeiture of the seized res.
2. Finding that Claimant is an innocent owner;
3. Return of the seized res to claimant.
4. Claimant's attorney fees and costs

Dated this 18th day of April 2011.

Respectfully submitted,

/s/Michelle R. Burrows
Michelle R. Burrows OSB86160
Attorney for Claimants